IIoustoN, Special J.,
delivered the opinion of the court.
By the will of Isaac Franklin, deceased, complainant and James Franklin, were appointed Trustees of a seminary of learning, for the founding of which the testator provided the funds, chiefly for the education of his own children, and the children of his brothers and sisters. James Franklin died, not having accepted the trust, and it was devolved on complainant, who accepted it, and proceeded to some extent, in its execution. But being infirm in health, and his own family and business requiring his attention, and desiring, for these reasons, to resign the trust, he filed a bill in the chancery court, at Gallatin, in March, 1850, praying to be permitted to resign, and for the appointment of John W., and Albert 0. Franklin, and Horace K. Anderson, in his stead, and also for the settlement of his accounts as trustee.
In May, 1850, the court decreed, in accordance with the prayer of this bill; referred complainant’s accounts to the Clerk & Master, and the new trustees appeared in court, and accepted the appointment; and in October, 1850, the clerk reported upon the matters referred; the report -was confirmed, and complainant was ordered *523 to pay over tbe trust fund in Ms bands, to the new trustees. .
In January, 1851, complainant filed a supplemental bill, ashing for new parties in the original proceedings, for the confirmation of what had been done in the cause; reciting the same in the supplemental bill, and also for the appointment of the same persons, as trustees in his place.
In April, 1851, the cause having been sot for hearing by complainant’s counsel, the executors of the will having been made parties, moved to remand the cause to the rules; because Emma Eranklin, the only child of the testator, and others, wTere necessary parties, and that, although the bill prayed that Emma be made a defendant, process had not been served upon her. But the court overruled the motion, permitted complainant to dismiss the bill as to Emma Eranklin, and made a decree, adopting and confirming the former decrees, and appointing John "W., and Albert C. Eranklin, and Horace 3L Anderson, trustees under the will. The court required no security of the new trustees, “in consequence,” as the decree states, of the impracticability of its being given under the circumstances “ of this case, and the trust fund. But, for the better protection of all parties concerned, the cause is retained for farther orders.” Erom this decree, the executors appealed to the December Term, 1851, of the supreme court; and in February, 1851, they dismissed their appeal, and the cause was remanded to the chancery court, “to be proceeded with according to its directions.”
In April, 1852, complainant filed a petition in the chancery court, setting forth, substantially, the facts recited, and praying the court to set aside and declare *524 void, tbe previous decrees and orders, and that lie be permitted to have reinstated, his said bill, making Emma Franklin a party, that he be permitted to resign, and that other trustees be appointed in place. Process was served upon Emma, and in November, 1852, a guardian ad litem, was appointed for her, and by counsel, she moved to quash the subpoma and notice, and to dismiss the petition, which was decreed accordingly, and from this decree complainant appeals to this court.
The only purposes of the original and supplemental bills, were, to enable the complainant to resign the trust, and have other trustees appointed in his place, and to have his accounts settled under the decrees of the court. So far as the court had power, these ends were attained by the decree of April, 1851. The resignation was accepted ; other trustees were appointed; complainant’s accounts were passed upon, and settled, and he was ordered to pay over the trust funds in his hands, to the appointees of the court. This was, therefore, as to all the objects of the suit, a final disposition of the cause, and after the term had elapsed, it could be corrected or reversed, if erroneous, only by writ of error to this court, or by bill of review. But no such bill was filed, and although an appeal was taken, it was dismissed on motion of appelants, and this left the decree in the same condition as if there had been no appeal. And we regard all the proceedings in the chancery court, subsequent to the appeal, including the petition and proceedings thereon, as irregular and void, and that the appeal from the decree dismissing the petition, does not bring before this court any of the decrees pronounced in the cause, prior to the filing of the petition, and whether erroneous or not, or void, or valid, we cannot investigate *525 in tills proceeding. The appeal in this case, no more brings before this court the original decrees, than would an appeal from a decree dismissing a bill of review have that effect, when the bill is filed after the time for filing such bill has elapsed; this fact appealing on its face. It is true, that the cause was retained in court for further orders; but this was done alone for the purpose of protecting the persons interested in the trust, and for the preservation of the trust property, and not for any further action in reference to the original objects of the proceeding.
We do not mean to question the authority of the case of Morris vs. Richardson et als., 11 Humph., 389, in which it is held, that upon an appeal to this court, from a proceeding in equity, the case is heard upon its merits, as if no decree had been pronounced in the court below, and such decree made as may be deemed proper upon the whole case. In that case, an interlocutory decree had been set aside at a subsequent term of the court. But the cause was still in court, the parties all there, and the interlocutory decree could not be brought here for revision, until there was a final decree, from which an appeal would be taken. But in this case, the decree of April, 1851, was final, and the complainant, and the cause, as to him, were virtually out of court.
We, therefore, affirm the decree of the chancellor, dismissing the petition, and order that the costs be paid by complainant.
In the other case of Wm. Franklin, trustee, &c., vs. O. B. Hays & J. Armfield, ex’rs., et als., the bill was filed on the 23d August, 1851, while the said appeal was pending to compel the executors to account for and pay over to complainant, as trustee, the funds and property appropriated by the testator to the use of the seminary. To this bill, *526 the defendant pleaded the matters of record set forth in the preceding case, and alledging that in consequence thereof, the complainant was no longer trustee, and had no right to bring this bill, they being answerable, only, to the new trustees. Complainant set this plea down for argument; it was allowed by the court; the bill dismissed, after overruling complainant’s motion to amend the bill by making John W. and Albert C. Franklin, and Horace E. Anderson, parties, and complainant appeals to this court.
We think, this plea was properly allowed; but this does not necessarily terminate the suit. Li Story’s Eq. PL, § 744, speaking of a plea for want of proper parties, it is said that, “ upon arguing a plea of this kind, the court, instead of allowing it, has given the plaintiff leave to amend the bill upon payment of the costs, a liberty which he may obtain after the allowance of a plea according to the common course of the court; for the suit is not determined by the allowance of 'a plea, as it is by the allowance of a demurrer to the whole of a bill,” &c. And the same doctrine is laid down in 1 Danl. Ch. PL & Prac., 337.
Such being, in our view, the law, was this a proper case for the amendment proposed? It is admitted by complainant’s counsel, and properly, that when the party who files the bill as sole plaintiff has no interest, no amendment can be made, adding new parties. Put it is insisted that William Franklin has an interest, and is a necessary party.
By the eighth clause of the will, the testator gives and bequeathes all the property appropriated to the founding of the seminary, to his brothers, James and William Franklin, in trust, for the purposes mentioned, and then *527 uses this language: “And after tlie death of my aforesaid brother, it is my will and desire that the aforesaid trust be continued and pass oyer forever, in the heirs of my said brothers, to pass the estate,” &c. By this clause, it is clear, we think, that the legal title to the property wTas vested in James and "William Eranklin; and the question arises, is this legal title still in William Erank-lin, or was it divested out of him by the decrees of the chancery court before referred to ? The language of the court in the decree of May, 1850, is, “ that the said William Eranklin be permitted to resign as trustee as aforesaid, and to appoint the said John W. Erank-lin, Albert C. Eranklin and Horace K. Anderson, trustees, in his room and stead; which appointment the said John W. Eranklin, Albert C. Franklin and Horace K. Anderson, here, in open court, accept, and is approved and confirmed by the court. And the said trustees, appointed as aforesaid, do take upon themselves the execution of said trusts, and place the seminary of learning specified in the will, into full operation as soon as practicable.” The language of the decree of April, 1851, is, “ that the former decrees of this court be, in all things adopted and confirmed, and made part of this decree, and that the said John W. Eranklin, Albert C. Franklin and Horace K. Anderson, be appointed trustees under the will of Isaac Eranklin, possessed of all the rights, powers and privileges possessed by the said William Eranklin, and subject to, and shall be liable to all the duties and restrictions imposed on the original trustees.”
It will be perceived at once that there is nothing in these decrees, purporting in terms, to divest the legal title- out of William Franklin and to vest it in these- *528 other persons. If it is done, it is clone by implication, but we do not think that the language or terms used, amount to such divestiture of title. There is nothing done, but what might very properly be decreed by a court of equity, under the circumstances of the case. There is a very large amount of money and property appropriated to founding a Seminary of learning, requiring much energy and activity in those upon whom devolves the management of the institution and its funds, and here is an only trustee, upon whom rests all this labor and responsibility, infirm in health, and unable for this and other reasons to perform the active duties of trustee, and the trust should not fail for this reason. And we think a court of chancery has power, without, the aid of the act of 1851, ch. 107, § 1, in order to carry out the objects of the trust, to appoint suitable persons to perform the aetive duties of trustee, leaving the legal title still in the original trustee. We can readily imagine cases of trust, in which the courts have not the power to divest the legal title out of the trustee, and in such cases, if the trustee were unable to execute the trust, it would fail, unless our courts of chancery have power to appoint others to perform the duties required. And such is the effect, only, of the decrees of May, 1850, and April, 1851. We think, therefore, - that the legal title is still in complainant, that he has an interest in, and is necessary party to the suit. And it results from our view of the case, that John W. and Albert C. Franklin and Horace K. Anderson, the appointees of the court, to control the. institution and its funds to some extent, are interested and necessary parties.
We do not deem it necessary to decide the 'question, whether or not the courts of Tennessee have the power *529 to divest the legal title -to the property out of ¥m. 'Franklin, being a fund provided for a charity, or for the founding of a literary institution, in which case, the donor has seen proper to vest the legal title to the fund in trustees, to hold until their death, and then “to be continued and pass over forever, in their heirs, to pass the estate.” It is sufficient for this case, that such, in our view, has not been the result of the action of the chancery court at Gallatin.
We therefore reverse the decree of the chancellor, dismissing the bill and remand the cause to the chancery court, where complainant will have leave to amend by making John W. and Albert C. Franklin, and Horace K. Anderson parties to the bill, and we order the costs to be paid by the executors out of the trust fund.